# Northumberland County *against* Bloom.

The settlement of the account of a county treasurer by the auditors, after the time limited for an appeal, is as conclusive upon the county as it is upon the officer; and it cannot be opened for the correction of alleged errors by auditors whose duty it is to settle the account of a subsequent year.

ERROR to the Common Pleas of *Northumberland* county.

The county of Northumberland against John Bloom, late treasurer. This was an appeal by the commissioners from the report of the auditors settling the account of John Bloom as treasurer for the year 1840, who reported a balance in his hands of $4660.34.

[Northumberland County v. Bloom.]

The only question of law was, whether the plaintiff might not charge the defendant with omissions and errors in the settlement of his account as treasurer for the year 1839. The court below (Lewis, President) was of opinion against the plaintiff, and instructed the jury to find according to a calculation presented to them.

*Jordan* and *Bellas*, for plaintiff in error.
*Donnel* and *Greenough, contra.*

PER CURIAM.—A county treasurer is appointed for a year, and bound within it to produce his account and vouchers to the county commissioners, whose business it is to submit them for settlement to the county auditors, whose report has the effect of a judgment, subject to appeal by either party. On the final determination, execution may issue as in any other case of a judgment recovered. A final settlement is therefore conclusive against the officer; and why is it not conclusive in his favour? It is a judgment which equally binds both parties. The settlement of a previous year, therefore, cannot be opened to correct an error or omission in it. The county, as well as the officer, has a limited period of appeal, and when it has slipped its time, it has no further remedy. The present matter was not introduced into the settlement of 1838; but it might have been introduced, and it is the fault of the commissioners that it was not. The transactions of a former year can no more be brought into the same treasurer's account for the current one, than they could be brought into the account of a stranger. The evidence, therefore, was properly excluded, and the charge was substantially right.

Judgment affirmed.