## Jones *et al. versus* Dilworth.

63        447
d 34 SC ⁰634

63    447
41SC ⁶112

1. The refusal to open a judgment or set aside the liquidation is not a subject of error, where the decision depends on extrinsic facts which must be determined on the evidence.

2. In such case there is no bill of exceptions to bring up the evidence.

3. Execution without a scire facias may issue on a judgment entered by warrant for a penalty in a bond with condition for indemnity.

4. The party issuing the execution does so at his peril.

5. Chambers *v.* Harger, 6 Harris 15, questioned.

6. Scire facias does not apply to judgments entered by warrant of attorney but only to actions and judgments thereon by default, confession or on demurrer under statute 8 & 9 William 3, ch. 11.

November 5th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county :* No. 25, to October and November Term 1869.

On the 6th of December 1867 a judgment was entered in the District Court of Allegheny county, by confession on warrant of attorney in favor of F. A. Dilworth against Oliver B. Jones, Jane Jones and Shellman Jones for $15,000, to be released on performance of the conditions of the bond to which the warrant was attached. The bond was dated on the same day and was from the defendants to the plaintiff in the penalty of $15,000 with attorney's commissions, "a waiver of inquisition and condemnation of any property levied upon by virtue of any execution which may issue forthwith on failure to comply with the condition hereof," and of property exempt, &c., under execution.

The condition (reciting that the plaintiff, at the request of the defendants, had accepted and agreed further to accept drafts drawn by the said Oliver B. Jones, being advances on oil to be shipped by him to the plaintiff for sale) was, that the defendants should indemnify the plaintiff on account of his acceptances.

On the 21st of November 1868 the plaintiff filed two affidavits by his agents ; setting forth that the said Oliver B. Dilworth was indebted to the plaintiff in the sum of $9474.32 ; stated in one affidavit to be "a balance on drafts drawn on F. A. Dilworth and by him accepted and paid, and for advances on oil shipped, sold and accounted for," the other stated that the balance was "for cash paid on drafts accepted, as advances on oil which was afterwards shipped, and some of which was to have been shipped by the said Oliver B. Jones to the said Dilworth for sale."

The judgment was liquidated on the same day at $9474.32 and execution issued.

On the 14th of December 1868 Shellman Jones, one of the defendants, filed an affidavit, setting forth, that payment of the bond had never been demanded of him or Jane Jones, that they had received

no statement of their liability and did not know whether the liquidation is correct, but that he believed and expected to be able to prove that the plaintiff's claim to a large extent, if not entirely, was made up of renewal of drafts, accommodation paper and other transactions which did not fall either within the letter or spirit of the bond.

On the same day the court granted a rule to show cause why the execution should not be set aside and why the judgment should not be opened, and the defendants let into a defence. These rules were discharged December 31st 1868.

The defendants took out a writ of error and assigned for error the discharge of their rules.

*T. S. Ferguson* and *J. J. Kuhn*, for plaintiffs in error.—When the application to open a judgment is denied on a question of law the Supreme Court will review the decision : Knox *v.* Flack, 10 Harris 337. The refusal to set aside an execution is the subject of a writ of error : Pontius *v.* Nesbit, 4 Wright 309 ; Fotterall *v.* Floyd, 6 S. & R. 315. A scire facias should have issued to ascertain the amount due : Duffy *v.* Lytle, 5 Watts 120 ; Adams *v.* Bush, Id. 289 ; Skidmore *v.* Bradford, 4 Barr 296 ; Reynolds *v.* Lowry, 6 Id. 465 ; McCann *v.* Farley, 2 Casey 173 ; Chambers *v.* Harger, 6 Harris 15 ; Stat. 8 & 9 William III., ch. 11, § 8, Roberts's Dig. 142.

*A. M. Brown* (with whom were *Bruce & Negley*), for defendants in error.—Refusal to open a judgment is not reviewable on error : McKee *v.* Sandford, 1 Casey 105 ; Loomis *v.* Lane, 5 Id. 242 ; Kalbach *v.* Fisher, 1 Rawle 323 ; Shortz *v.* Quigley, 1 Binn. 222 ; Skidmore *v.* Bradford, 4 Barr 296 ; Kellogg *v.* Krauser, 14 S. & R. 143 ; Eldred *v.* Hazlett, 2 Wright 16. Where the regularity of an execution depends on facts it will not be reviewed : Righter *v.* Rittenhouse, 3 Rawle 273. The defendant's affidavit was insufficient : Woods *v.* Watkins, 4 Wright 458 ; Bailey *v.* Clayton, 8 Harris 295. A scire facias was not necessary : McCann *v.* Farley, Duffey *v.* Lytle, Adams *v.* Bush, Reynolds *v.* Lowry, Skidmore *v.* Bradford, Loomis *v.* Lane, *supra*.

The opinion of the court was delivered, January 3d 1870, by

AGNEW, J.—The refusal of the court below to open the judgment, or set aside the liquidation, is not a subject of error where the decision depends on extrinsic facts, which must be determined on the evidence. There is no bill of exception to bring up the evidence in such a case : Bunce *v.* Wightman, 5 Casey 335 ; Kalbach *v.* Fisher, 1 Rawle 323 ; Righter *v.* Rittenhouse, 3 Id. 273 ; Eldred *v.* Hazlett, 2 Wright 17. This case bears no resemblance to Knox *v.* Flack, 10 Harris 337, where the validity of the warrant of attorney itself was brought into dispute by the *minority*

of the defendant in the judgment. There the error could be brought upon the record by *audita querela*, or a writ of error *coram nobis* or *vobis*, which, in this state, are supplied by the more summary proceeding upon motion. See also Banning v. Taylor, 12 Harris 289.

The question whether the plaintiff could issue execution without a scire facias on the judgment, or a motion to the court for leave to issue the execution, is more important, but is determined by Reynolds v. Lowry, 6 Barr 465, and McCann v. Farley, 2 Casey 173, decisions directly in point; the indemnity character of the condition of the bond being considered as making no difference where the judgment is entered for a penalty under a warrant of attorney. The party in issuing execution upon a judgment entered by warrant of attorney, proceeds at his peril; and if he issues his writ when nothing is due, or for too much, he subjects himself to the summary correction of the court to set it aside or reduce it, and payment of costs for his untrue demand. To those cases we may add Chambers v. Harger, 6 Harris 15. In the last, Gibson, C. J., intimated his opinion that where there is uncertainty as to when the money falls due, it will be necessary to move the court for execution. This was not the point decided, was a dictum only, and is scarcely reconcilable with Reynolds v. Lowry and McCann v. Farley. But whether or not, it is here immaterial, as the warrant of attorney in this case expressly provided that execution might issue forthwith on a failure to comply with the condition.

As to the scire facias, it is well settled that it does not apply to judgments entered by confession under a warrant of attorney, but only to *actions* and judgments thereon by default, confession or on demurrer, under the statute of 8 & 9 William III., cap. 11, § 8, Robert's Digest 142; Longstreth v. Gray, 1 Watts 60; Skidmore v. Bradford, 4 Barr 296.

Judgment affirmed.