OCTOBER AND NOVEMBER TERM, 1881, No. 213.

# Commonwealth *ex rel.* Forest County *versus* Knox *et al.*

A settlement by the auditors of a county of the account of the county treasurer, when not appealed from, concludes the rights of both the county and the officer.

ERROR to the Court of Common Pleas of *Forest County.*

Debt by the Commonwealth, *ex rel.* Forest County, against Daniel S. Knox, executor of Herman Blum, deceased, Sebastian Blum, Henry Kiser, and Joseph G. Dale, the defendants being the surviving obligors upon the official bond of Frederick Glassner, late treasurer of said county.

Upon the trial in the Court below, before JENKS, P. J., the following facts appeared.

On the 27th of May, 1874, William Hazlett, collector of the poor tax of Green Township, paid to Glassner $202.97, poor fund, to be applied on the Dixmont account against Green Township. There was a settlement of the account of Glassner by the county auditors, December 31st, 1874, which settlement was not appealed from. Glassner was struck by lightning and killed in August, 1875. Green Township being reported behind in its accounts with the county, upon investigation it was found that this sum of $202.97 had not been credited to it.

The auditors' book did not show that Glassner had accounted for it. Hazlett having produced a receipt from Glassner for it, the township was credited with the amount in 1876. Suit was brought September 10th, 1879.

The Court charged the jury:

" The plaintiff in this case claims to recover from the defendant $202.97, with interest from the 28th of September, 1876, until the present time.

" Plaintiff claims that the treasurer, on the 28th day of September, 1876, received from the township of Green $202.97 ; that he never accounted for this money ; and not

[Commonwealth *ex rel.* Forest County *v.* Knox *et al.*]

having accounted for it, they claim that they have a right in this action, and at this time, to recover it.

"The defendant, on his part, denies the right, asserting that there was an auditors' settlement after the time this money was received, and that the auditors' settlement was filed of record; that it was not appealed from, and they say this auditors' settlement, unappealed from, is conclusive of the rights of both parties in this case, and hence they request us to instruct you, that under all the evidence in this case, the verdict of the jury must be in favor of the defendant.

"We so instruct you, holding that the auditors' settlement after the time that the treasurer received the money, unappealed from, would conclude the rights of both parties. Therefore, your verdict will be in favor of the defendant."

The plaintiff excepted to the charge.

Verdict for the defendant, September 28th, 1880, on which judgment was entered.

The plaintiff then took a writ of error, assigning as errors:

"1. The Court erred in instructing the jury that the auditors' settlement, after the time the treasurer received the money, unappealed from, concluded the rights of the parties.

"2. The Court erred in directing the jury to return a verdict in favor of the defendant."

*Miles W. Tate* for plaintiff in error.

The Court said an auditors' settlement, unappealed from, was conclusive here in any event; and yet, in this view the Dixmont fund had been paid to the county treasurer in May, 1874, and no discovery was made of the fact of payment until in September, 1876, after the death of Glassner by lightning, as narrated, and long after his term would have expired, if he had lived.

Two auditors' settlements had intervened before the discovery, and it was beyond possibility for the boards to have had the claim before them in any contingency.

An auditors' settlement, unappealed from, is conclusive in the ordinary; but no case holds it conclusive when, from the nature of things, the parties could not present their claims, and when the claim was not, in fact, brought to the notice of the auditors, because not known to have been in existence at the time by the parties entitled to make the claim. And with stronger reason, we should recover here, where there is no transcript or duplicate fund, which brings the claim within the grasp of an auditors' settlement.

[Woodland Oil Co. *v.* Lawrence.]

Notice to parties and a hearing are contemplated by the act: 1 Purd. Digest, p. 301, pl. 16 ; Commonwealth *v.* Fitler's Administrators, 12 S. & R., 278 ; Wilson *v.* Clarion County, 2 Barr, 17 ; Blackmore *v.* County of Allegheny, 1 P. F..S., 162 ; Northampton-County *v.* Yohe, 12 Harris, 305.

*E. L. Davis* for defendants in error.

The learned judge is not only sustained by the act of March 21, 1806; 1 Purd. Digest, 58, pl. 5, and the act of April 15, 1834, 1 Purd. Digest, 300-1, pl. 10, 16, 17, aṇd 18, but by the following, among other numerous adjudications of this Court: Blackmore *et al.*, Executors, *v.* The County of Allegheny, 51 Pa. St., 160 ; Siggins *v.* Commonwealth, 85 Id., 278 ; Northampton County *v.* Yohe, 24 Id., 305 ; Glatfelter *v.* Commonwealth, 74 Id., 74; Northumberland County *v.* Bloom, 3 W. & S., 542; Wilson *v.* Clarion County, 2 Penna. St., 17.

OCTOBER 31ST, 1881.—PER CURIAM : The charge of the learned judge in the Court below, that the auditors' settlement after the time that the treasurer received the money, unappealed from, concludes the rights of both parties, is fully sustained by the authorities. The case of Northumberland County *v.* Bloom, 3 W. & S., 542, in which it was held that the settlement of the account of a county treasurer by the auditors, after the time limited for an appeal, is as conclusive upon the county as it is upon the officer, is in point, to which many other cases may be added. Blackmore *v.* Allegheny, 1 P. F. Smith, 160, and cases there cited.

Judgment affirmed.