## Commonwealth *v.* Maxwell, Appellant (No. 1).

*Tax collector—Bond—Judgment—Scire facias—County auditors—Reports.*

Where an official bond given by a tax collector to the commonwealth has been entered up by the county, a borough, and a school district acting together, and judgment entered thereon, a poor district which has placed its duplicate for poor taxes in the hands of the collector, may subsequently intervene as a party plaintiff by a scire facias on the judgment; and it is immaterial that the judgment was entered on a warrant of attorney and was not the result of an adverse action on the bond.

A report of county auditors showing that a county treasurer was not charged with any balance outstanding in the hands of a borough collector, is not conclusive in favor of the borough collector, in a proceeding against him, instituted by a poor district which had placed in the collector's hands its duplicate for poor taxes.

Where a tax collector's liability is fixed at a sum stated for a particular year by the auditors, the fact that in subsequent years the auditors' reports make no further mention of such balance, does not relieve the collector from its payment.

Argued May 14, 1907. Appeal, No. 21, April T., 1907, by defendants, from judgment of C. P. Butler Co., Dec. T., 1905, No. 31, on verdict for plaintiff in case of Commonwealth to use of the Butler County Poor District v. James M. Maxwell et al. Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Scire facias on a judgment entered on a tax collector's bond. Before GALBREATH, P. J.

The opinion of the Superior Court states the case.

*Error assigned* among others was in refusing binding instructions for defendants.

*H. H. Goucher,* with him *A. T. Scott,* for appellants.—The act of June 14, 1836, relating to actions on official bonds has no application to judgments confessed by virtue of warrants of attorney: Skidmore v. Bradford, 4 Pa. 496; Reynolds v. Lowry, 6 Pa. 465; Bank of Chester v. Ralston, 7 Pa. 482;

Harger v. Washington County, 12 Pa. 251 ; Chambers v. Harger, 18 Pa. 15 ; McCann v. Farley, 26 Pa. 173 ; Jones v. Dilworth, 63 Pa. 447.

The auditors found no balance against the collector and he had no occasion to appeal.   The commissioners claim that there is a balance due the treasurer of the poor district from the collector, but, having neglected to appeal, this form of procedure was invented as a substitute for the remedy by appeal provided by law : Nason v. Directors of the Poor of Erie County, 24 W. N. C. 60 ; Westmoreland County v. Fisher, 172 Pa. 317.

An auditors' report unappealed from is conclusive, and their decisions cannot be inquired into except for fraud : Zeigler's Petition, 207 Pa. 131 ; Northumberland County v. Bloom, 3 W. & S. 542 ; Northampton County v. Yohe, 24 Pa. 305 ; Blackmore v. County of Allegheny, 51 Pa. 160 ; Porter v. School Directors, 18 Pa. 144 ; Northampton County v. Herman, 119 Pa. 373 ; Westmoreland County v. Fisher, 172 Pa. 317 ; Siggins v. Commonwealth, 85 Pa. 278 ; Shartzer et al. v. School District, 90 Pa. 192 ; Schuylkill County v. Boyer, 125 Pa. 226 ; Lancaster County v. Hershey, 205 Pa. 343 ; Commonwealth v. Gruver, 13 Pa. Superior Ct. 553.

*J. W. Hutchison,* for appellee, cited : Com. v. Stambaugh, 164 Pa. 437 ; Chambers v. Harger, 18 Pa. 15 ; McCann v. Farley, 26 Pa. 173 ; Templeton v. Shakley, 107 Pa. 370 ; Ramsey v. Ramsey, 15 Pa. Superior Ct. 214.

OPINION BY HEAD, J., October 7, 1907 :

James M. Maxwell, one of the appellants, was the duly elected tax collector for the borough of Butler for the year 1902.   As such collector he, with the remaining appellants as his sureties, entered into an official bond to the commonwealth of Pennsylvania, in the sum of $80,000, conditioned that he would " well and truly collect and pay over or account for according to law the whole amount of taxes charged and assessed in the duplicates which shall be delivered to him," etc.   This bond contained a warrant of attorney in the usual form authorizing the entry of judgment thereon.   On July 18, 1905, the county of Butler, the borough of Butler and the school district

of the borough of Butler, acting together, caused a judgment to be entered on this bond and warrant in favor of the commonwealth at the suggestion and to the use of the municipalities named. On October 14, 1905, the Butler county poor district, which had also placed its duplicate for poor taxes, collectible in the borough of Butler, in the hands of the appellant, Maxwell, but which had no knowledge of the entry of the judgment on the bond and was not made a party plaintiff therein, filed in court its petition and suggestion setting forth its interest in said bond, a default on the part of the obligors and its continuance since the entry of judgment, and praying for leave to issue a scire facias on said judgment to enable it to collect the balance due to it by reason of said default. Leave was given, the writ issued and was so proceeded in that upon the trial that followed the court gave binding instructions to find for the plaintiff a sum as to the amount of which we do not understand there is any serious dispute. Later on a motion for judgment for the defendants non obstante veredicto, on the whole record, was denied and this appeal followed.

It is not questioned that the tax collector of the borough was the proper person to whom the plaintiff should have delivered its duplicate. From this it follows that the single bond which, under the law, that officer gives in the name of the commonwealth, must have been for the beneficial use of the present appellee, as well as of those in whose favor the judgment was actually entered. No good reason has been advanced to show why, where a judgment has been confessed on such a bond at the instance and for the use of some of the parties interested, other parties equally interested should not have a plain and simple procedure by which their claims could be engrafted on the judgment already entered nominally in favor of the commonwealth but really for the use of every party interested. The remedy by scire facias furnishes just such a plan of procedure. It gives to the defendants a day in court to resist the claim if it be unfounded, or, failing that, to have it liquidated at the true amount. It follows in letter and spirit the Act of June 14, 1836, P. L. 637, which provides, inter alia, "The judgment of the commonwealth as aforesaid shall remain for the satisfaction of all persons entitled to the benefit of the bond or obligation upon which it was rendered, etc. In all cases where

the condition of any such bond shall be broken, after a judgment rendered for the commonwealth as aforesaid, it shall be lawful for the party aggrieved to proceed by writ of scire facias upon such judgment, suggesting his interest therein," etc. The plaintiff suggests such a breach of the condition of the bond in the refusal of the defendant, after judgment, to pay over the money in his hands. The evils that would flow from any other construction of the act are strongly set forth by President Judge RICE in Monroe County v. Eilenberger, ante, p. 22. But it is argued that the remedy by scire facias cannot be invoked by the present plaintiff because the judgment was entered on a warrant of attorney and was not the result of an adverse action on the bond, and Longstreth v. Gray, 1 Watts, 60; Skidmore v. Bradford, 4 Pa. 296; McCann v. Farley, 26 Pa. 173, and Jones v. Dilworth, 63 Pa. 447, are cited as authorities for the position taken. All of these cases declare that the English statute of 8 & 9 William, III, ch. 11, No. 8, does not apply to a judgment entered on a bond with warrant of attorney and hence that the obligee in such bond, given to secure the payment of money in installments or the performance of some collateral act, may have execution on his judgment without being required first to issue a writ of scire facias. But in none of them do we find any authority for the contention of the appellant that the court below fell into error in permitting the appellee to begin the proceeding we are now considering by the issue of such a writ.

But the appellants chiefly rely on the proposition that the county auditors in 1902, 1903 and 1904, examined and audited the accounts of the county treasurer, who was, ex officio, treasurer of the poor district and as, in the last two years mentioned, that officer was not charged with any balance outstanding in the hands of the borough collector and those reports have not been appealed from, it has been conclusively adjudicated that there was no such balance. The position is ingeniously taken and supported, but is untenable. The county treasurer is in no sense a party to this proceeding. It was not its object to affect or disturb the relations between him and the poor district in so far as they had been established by the reports of the auditors referred to. It is true the auditors, in investigating his accounts, incidentally, but from his standpoint only, ascer-

tain the balances due to him from the various borough collectors. But as to the latter such investigation is wholly ex parte. They are not required by law to submit their accounts to the county auditors or to appear before them, and hence could not be concluded by their report. As in this case the poor district does not seek to recover anything from the county treasurer, whose accounts were the proper subject of investigation by the auditors, but deals directly with the borough collector over whose accounts no jurisdiction is given to the auditors, it cannot be fairly argued that this proceeding is, in any just sense, revisory of the work lawfully done by them.

But even if we concede, arguendo, that the county auditors, by virtue of the authority expressly conferred on them to audit the accounts of the treasurer, had implied authority to conclusively fix and determine the amounts due from the borough tax collector, so that neither the latter nor the district, failing to appeal from the report, could thereafter question such finding, what follows ? By the audit made in January, 1903, it was ascertained, as shown by the report, that there was due to the poor district from collector Maxwell, of the taxes of 1902, the sum of $812.96. From this report he took no appeal. His liability for that sum thus became fixed and absolute and could be discharged only by subsequent payment or exoneration. The later reports of 1904 and 1905, make no further mention of this balance and show neither payment nor exoneration by which it was reduced. Yet because the auditors did not, in each of their subsequent reports, reascertain and redetermine that the collector still owed the balance already adjudged against him, it is argued that it has been conclusively determined that he did not owe it. No statute or decision is cited to show that this was their duty or that their failure to so formulate their later reports should be followed by the result that the collector may keep in his pocket a large sum of the money of the poor district against the payment of which he cannot and does not offer any meritorious defense. The account kept by the treasurer with the collector which was offered in evidence shows the subsequent payments and exonerations by which the balance, shown by the report of 1903, has been reduced to the sum claimed and recovered in the present action. Against the correctness of this account the appellant does not raise his voice.

As we are unable to discover any reversible error in any of the rulings of the learned court below the assignments must all be dismissed.

Judgment affirmed.