# W. H. Keech Company *v.* O'Herron, Appellant.

*Judgment—Confession of judgment—Amount of damages—Assessment of damages.*

1. Where a judgment under a warrant of attorney contained in a bond, is entered, not for the amount of the penalty, but for the amount of the real debt, such entry of judgment is irregular, inasmuch as it should have been entered in the amount of the penalty of the bond to be released upon the payment of the amount actually due; but if the record shows on its face the amount of the penalty, and the amount owing is not denied, and there is no other defense, the court will permit the record to be amended so as to conform to the proper practice.

2. Where a judgment is entered under a warrant of attorney contained in a bond in which a specified amount of money is stated as a penalty, the plaintiff may issue execution without a scire facias on the judgment, or a motion to the court for leave.

Argued April 29, 1909. Appeal, No. 198, April T., 1909, by defendant, from order of C. P. No. 1, Allegheny Co., March T., 1909, No. 233, discharging rule to strike off judgment and set aside execution in case of W. H. Keech Company v. Michael O'Herron. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to strike off judgment and set aside execution.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order discharging the rule.

*M. J. Hosack*, of *Hosack, Knox & Hosack*, for appellant.— The well-established practice is to enter the bond for the full amount for which the obligors bind themselves, and experienced practitioners usually observe that well-known practice: Bennett v. Haley, 142 Pa. 253.

*F. C. McGirr*, of *Marron & McGirr*, for appellee.—If this judgment was irregularly entered it may be amended in this court on appeal and the proper judgment entered: Carman v. Noble, 9 Pa. 366.

The judgment was regularly entered in this case. It was by virtue of a warrant of attorney and therefore did not come within the statutes 8 and 9, William III, chap. 11, sec. 8, or of our Act of June 14, 1836, P. L. 638, Stewart's Purdon, 471: Skidmore v. Bradford, 4 Pa. 296; Reynolds v. Lowry, 6 Pa. 465; Bank of Chester v. Ralston, 7 Pa. 482: Harger v. Washington County, 12 Pa. 251; Chambers v. Harger, 18 Pa. 15; McCann v. Farley, 26 Pa. 173; Jones v. Dilworth, 63 Pa. 447.

OPINION BY PORTER, J., October 11, 1909:

Judgment was entered against the appellant and another by confession under a warrant of attorney contained in a bond. The bond was in the penal sum of $500 and the warrant therein contained authorized the confession of judgment "after one or more declarations filed," in favor of the plaintiff, for the amount of the penalty, with "waiver of inquisition and condemnation of any property that may be levied upon by virtue of any execution which may issue forthwith upon failure to comply with the conditions hereof." The plaintiff filed a declaration, or statement, setting forth the execution of the bond, the amount of the penalty thereof and the condition of the bond, which was that one Edwards, an employee of the plaintiff, should pay over to the plaintiff upon demand, any and all moneys which he received in the course of his employment, and, further, averred that Edwards had received from certain persons named, respectively, specific sums of money, aggregating $361.87, and averred damages in the amount of the penalty of the bond, that is, $500. A copy of the bond was to the statement attached. With the statement was filed a confession of judgment by a duly qualified attorney appearing on behalf of the defendants, by the defendants, and "in favor of the plaintiff in the sum of $415.53, liquidated as follows:

| | | |
|---|---|---|
| Amount of bond ..................... | $500.00 | |
| Due on same as above ................. | | $361.87 |
| Interest from January 10, 1907.......... | | 33.88 |
| Attorney's commissions 5%............... | | 19.78 |
| Total................. | | $415.53 |

With costs of suit release of all errors and without stay of execution," and with the other incidents of said judgment authorized by the warrant. This appellant subsequently presented his petition to the court averring that the judgment was irregularly entered, in that it was not for the amount of the penalty of the bond, but for the amount at which the real debt had been liquidated, and praying that the judgment be set aside, that the assessment of damages be stricken off and an execution which had issued on the judgment be set aside. The petition of the appellant did not state, nor was it even hinted in the court below or here that he had any defense upon the merits. The court below granted a rule on the plaintiff to show cause why the relief which the appellant sought should not be granted, which rule it subsequently discharged and the defendant appeals.

That the judgment under the warrant of attorney should have been entered in the amount of the penalty of the bond, to be released upon payment of the amount actually owing under the condition of the instrument, is too well settled to require discussion. The confession of judgment was, in terms, "in favor of the plaintiff in the sum of $415.53, liquidated as follows." The judgment thus appears to be liquidated in that amount, and yet when the attorney who confessed judgment proceeded to liquidate it he stated, as part of that liquidation, that the amount of the bond was $500. There thus appeared within the confession of judgment itself a statement of all the facts which clearly indicated what the formal judgment ought to be. This also appeared in the statement of the plaintiff and the copy of the bond to which the confession of judgment was attached. There thus appeared upon the record everything necessary to determine what the amount of the judgment and the form thereof ought to be, so that it is not necessary to go outside of the record to find the materials which would warrant an amendment of the record, if an amendment is allowable. There was in this case no failure to comply with any condition precedent in order to authorize the entry of a judgment upon the warrant. The statement filed by the plaintiff clearly set forth the amount for which the appellant was legally

liable under the condition of the bond, and under the confession of judgment as entered the defendant could not be called upon to pay any amount in excess of his liability upon his obligation. The judgment entered was irregular, but it was not void; the defect was purely formal. The amount was not in excess of the liability of the defendant, the defect in the judgment was not that it failed to show the amount for which the defendant was liable upon execution, but, rather, that it failed to disclose the full amount for which he might have become liable. The learned counsel for the appellee admit that they made a blunder in failing to have the judgment confessed for the full amount of the penalty in the bond and they have moved this court for leave to amend the record, by making the judgment against the defendant for the amount of the penalty of the bond, to be released upon payment of the amount actually due, as now liquidated upon the record. There being no suggestion of a defense to the payment of this judgment upon the merits, we are convinced that the allowance of this amendment would involve no injustice to this appellant, and that the amendment is one within the power of this court to permit: Easton v. Worthington, 5 S. & R. 130; Carman v. Noble, 9 Pa. 366. We will, therefore, consider the amendment as made.

The appellant contends, under the second branch of his rule, which sought to strike down the liquidation of damages contained in the confession of judgment and to deprive the plaintiff of any right to execution upon his judgment, that upon such a bond as that which contained the warrant upon which this judgment was confessed, all that a plaintiff can do is enter a cautionary or interlocutory judgment, for the purpose of a lien, and that before he can become entitled to execution he must issue a scire facias or writ of inquiry, and have the damages ascertained. This contention may be correct when the bond is given to secure the performance of a collateral condition, for the breach of which the measure of damages is contingent and uncertain, but it can have no application when the damages arise from the failure of a party to pay over specific sums of money. In such a case, the measure of damages is neither contingent nor uncertain. That a judgment entered on

a bond with warrant of attorney is not within the statutes 8 and 9, William 3, ch. 11, sec. 8, nor the act of June 14, 1836, must be accepted as definitely settled: McCann v. Farley, 26 Pa. 173; Jones v. Dilworth, 63 Pa. 447. The plaintiff in such a judgment may issue execution without a scire facias on the judgment, or a motion to the court for leave; and the remedy of the defendant is an appeal to the court, which under its equitable power over said judgment can amply protect him against injustice.

The order of the court below is affirmed and the appeal dismissed; and the amendment prayed for by the appellee is allowed.