# Jones *v.* Sharon Borough, Appellant.

*Public officers—Tax collectors—Report of auditors—Tax duplicates—Exoneration.*

1. Where the reports of borough auditors fix a liability on the borough tax collector for uncollected tax duplicates, the borough council may, for proper reasons, exonerate the collector from liability several years after his accounts have been audited. The effect of such exonerations upon the liability of the collector is the same as if the parties taxed had paid into the borough treasury the taxes assessed against them.

2. The power of the borough authorities to exonerate a tax collector from liability on tax duplicates existed prior to the Act of June 25, 1885, P. L. 187, and is recognized by the 10th Section of that act which provides that "exonerations may be made by the authorities and in the same manner as heretofore."

3. A final settlement by borough auditors showing a liability of the borough to a tax collector in the settlement of his accounts, is conclusive against the borough if the borough fails to appeal within the proper time from the filing of the report of the auditors.

Argued October 8, 1912. Appeal, No. 142, Oct. T., 1912, by defendant, from judgment of C. P. Mercer Co., June T., 1910, No. 61, on verdict for plaintiff in case of P. W. Jones, Executor of the Estate of W. W. Hanna, deceased, v. Sharon Borough. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover money alleged to have been over-paid to a borough by a tax collector.

WILLIAMS, P. J., charged, inter alia, as follows:

This suit is brought by the administrator of W. W. Hanna, deceased, who was formerly tax collector of the Borough of Sharon. It is admitted that he was the collector of taxes for that borough for the years 1902, 1903 and 1904. The testimony tends to show that while he was tax collector he paid money to the Borough of Sharon voluntarily a good· deal of the time, and that sometimes, when demands were made upon him, [he made payments without any regard to his accounts, or without examining his accounts to see whether or not he was indebted to the borough, and without taking into consideration exonerations to which he would be entitled under the law]. (6) The testimony would tend to indicate that there was a charge against him at one time for the years 1902, 1903 and 1904, amounting to some fifteen hundred dollars. It seems, however, that in March, 1907, the borough auditors of the Borough of Sharon audited all of his accounts for the various years

for which he had collected taxes, and, as a result of that
audit, they found there was due to him the sum of
$3,424.84.    That audit was made by the duly elected
and qualified auditors of the Borough of Sharon, and it
seems to have been properly returned and filed and pre-
sented to the council, and no appeal was ever taken from
the audit by either the tax collector or the borough.
The matter stood in that way until Mr. Hanna died.  [It
seems that there were some negotiations in regard to a
settlement of the controversy, but it has never been
settled;]  (7) and Mr. Hanna finally became mentally
deficient and had to be placed in an asylum.  [It seems
that some negotiations were then made, by some person
representing Mr. Hanna, with the borough council, when
these matters were all gone over and the exonerations
to which he was entitled were allowed.]  (8)

[The plaintiff claims that there was due to Mr. Hanna
this amount of $3,424.84, as shown by this auditors'
report of March 4, 1907, from which no appeal has been
taken, and, as we view the matter, we think that would
be true and that the contention of the plaintiff is correct.
We think that if the duly elected auditors went over all
of these accounts, and there being nothing in the case to
show that they disturbed or undertook to rake over the
reports of the former auditors, but simply audited his
accounts, taking the former years as the former auditors
had found the accounts to be, and arrived at a result
showing the borough to be indebted to the tax collector
in the sum of $3,424.84, the plaintiff would be entitled
to recover that amount, and in addition to that he would
be entitled to interest from that time up until the date of
this suit.]  (9)   Counsel have computed the interest, and
we think there is no dispute about the amount if the
plaintiff is entitled to recover.

By Mr. Davis  I would not agree that they are entitled
to anything.  As to the amount of $3,424.84, that is
right.

By the Court:  Counsel for the plaintiff have computed

interest on the sum of $3,424.84 from the time it was ad-
judged to be due to him down to this date, and claim now
the sum of $4,460.85. [Therefore, gentlemen, if you be-
lieve the testimony offered on the part of the plaintiff
as to the audits of these various years, and especially
as to the audit of March 4, 1907, showing this balance
.of $3,424.84, the plaintiff would be entitled to recover
that amount with interest, amounting in all to $4,-
460.85.] (10)

Verdict and judgment for plaintiffs for $4,460.85.
Defendant appealed.

*Errors assigned,* among others, were (7-10) above in-
structions, quoting them.

*Horace W. Davis,* for appellant.—It is believed there
is no sound judicial authority in this State for the state-
ment that exonerations not asked for in the manner
prescribed by the Act of 1856 can be granted: Vander-
mark v. Phillips, 116 Pa. 199; Com. v. Stambaugh, 164
Pa. 437.

When Hanna, tax collector, paid this money, presum-
ably in compliance with law, he had effectively and for
all time prevented the further collection of the taxes so
returned as paid by either the borough or the tax col-
lector from the taxpayer: Millerstown Boro. v. McKee,
3 Pennypacker 129.

An auditors' report is a nullity when it attempts to
pass on accounts previously audited or upon matters not
within the legal powers of the auditors: Leasure v. Ma-
honing Township, 8 Watts 551; Com. v. Scanlan, 202
Pa. 250.

*Q. A. Gordon,* with him *Fred A. Service* and *Roy Ne-
ville,* for appellee.—An auditors' report upon the ac-
counts of a municipal officer, unappealed from, is, except
where the report is obtained by fraud, irrevocably bind-
ing and conclusive upon both the officer and municipal-

ity: Blackmore v. Allegheny County, 51 Pa. 160; Com.
v. Maxwell, 34 Pa. Superior Ct. 631.

OPINION BY MR. JUSTICE BROWN, January 6, 1913:

W. W. Hanna, appellee's decedent, was the duly
elected and qualified collector of taxes in the Borough
of Sharon for the years 1902, 1903 and 1904. His ac-
counts as collector for these years were audited by the
borough auditors, and their reports show the following
liabilities: For the year ending March 2, 1903, the report
of the auditors showed that the collector was then in-
debted to the borough on the tax duplicate of 1902 in
the sum of $5,262.96; and the report for the year ending
March 7, 1904, showed an indebtedness of the said col-
lector to the borough on the tax duplicate of 1903 in
the sum of $5,262.96; and the report for the year ending
March 7, 1905, showed an indebtedness of the said col-
lector to the borough on the tax duplicate of 1904 in the
sum of $7,566.38. No appeal was taken from any one
of these reports by the collector or by the borough, and
the same, so far as they relate to the accounts of the
collector, were spread upon the minutes of the borough
council. The report of the borough auditors for the
year ending March 3, 1906, shows a total indebtedness
against the collector on the tax duplicates for the years
1902, 1903 and 1904 of $8,502.05, against which he was
given credit with payment made to the borough treas-
urer amounting to $6,960.05, leaving a net balance of
$1,542 due to the borough on the duplicates for 1902,
1903 and 1904. No appeal was taken from this report,
either by the collector or by the borough, and it was
spread upon the minutes of the borough council. By
due councilmanic action, at meetings held in February
and March, 1907, Hanna was exonerated from the pay-
ment of certain taxes which appeared in his duplicates
for the years 1902, 1903 and 1904, and by the report of
the borough auditors for the year ending March 4, 1907,
in which the exonerations allowed by the borough au-

thorities were taken into consideration, the borough was found to be indebted to Hanna, who was then out of office, in the sum of $3,424.84. No appeal was taken by the borough from this report, and it forms the basis of plaintiff's claim.

It is true, as appellant insists, that the reports of the borough auditors for the years 1902, 1903 and 1904 not having been appealed from, became conclusive as to the liability of the tax collector; but conclusive of what liability? They were conclusive that, on the tax duplicates for the three years which had been placed in his hands and with which he was chargeable, there was a liability by him, after allowing him all credits to which he was entitled, for the respective sums found against him by the auditors. But the liability thus fixed against him, with the conclusiveness of a judgment, could have been subsequently discharged by him, and for all payments which he subsequently might have made on account of this liability he would have become entitled to credit at the next audit of his accounts, and his liability, fixed by the former reports of the auditors, would have been correspondingly reduced. In the duplicates placed in his hands for the years 1902, 1903 and 1904 taxes were assessed against various parties, and with these taxes he became charged, from liability for which he could be relieved only by payment or exoneration: Commonwealth v. Maxwell, 34 Pa. Superior Ct. 631. When the taxes thus charged against the collector, constituting a part of his liability as fixed by the borough auditors at the end of each year, were subsequently exonerated to his relief, the effect of the exonerations upon his liability was the same as if the parties taxed had paid into the borough treasury the taxes assessed against them, and such payments by them would have been in relief of the tax collector on his liability upon the duplicates placed in his hands. This is practically the situation before us. The liability of the tax collector, as fixed by the reports of the auditors, was not disturbed. It was

simply discharged by credits from the borough for taxes with which he had been charged in the duplicates, and which, for reasons regarded as all sufficient by the borough authorities, they exonerated to his relief.

Had the borough council authority to make these exonerations several years after the accounts of the tax collector had been audited? No legislation has been cited specifically defining the power of borough authorities to grant exonerations from taxes in relief of a collector or fixing the time within which they must be granted, but the power to so exonerate is distinctly recognized in the Act of June 25, 1885, P. L. 187, regulating the collection of taxes in the boroughs of the Commonwealth, the tenth section of which provides that "exonerations may be made by the authorities and in the same manner as heretofore." From time immemorial—as is known to all of us—the power to exonerate collectors from liability for uncollected taxes, for reasons satisfactory to the taxing authorities, has been exercised by borough councils, and, in the absence of any statutory prohibition of the exercise of this power, impliedly recognized by the Act of 1885, we shall not say it does not exist.

This action is to enforce a liability against the defendant borough, which was fixed by the report of the borough auditors for the year ending March 4, 1907. From this report the borough took no appeal, and the liability fixed by it has been carried as a liability in every annual statement of the auditors of the borough since the year 1907. If a final settlement by an auditor is conclusive against the officer whose accounts are audited, "Why is it not conclusive in his favor": Northumberland County v. Bloom, 3 W. & S. 542; Blackmore v. County of Allegheny, 51 Pa. 160; Commonwealth v. Scanlan, 202 Pa. 250. The moral obligation of the borough to relieve Hanna from liability for taxes which the municipal authorities felt could not or ought not to be collected, became a legal one

after the borough failed to appeal within the proper time from the report of the auditors for the year ending March 4, 1907. The verdict for the plaintiff was practically directed upon undisputed facts, and the judgment on it is affirmed.