## Kauffeld *v.* Tinstman, Appellant.

*Sheriff's sale—Judgment—Validity of judgment—Sale on legal holiday—Act of February 16, 1911, P. L. 3.*

1. On an appeal from an order dismissing exceptions to a sheriff's sale where the exceptions are not supported by any evidence, the appellate court is confined merely to an inspection of the record.

2. A sheriff's sale of real estate will not be set aside because the judgment under which the sale was made was entered by confession for the real debt with interest, instead of for the amount of the penalty to be released upon the payment of the amount actually due.

3. The court is not bound to set aside sheriff's sale of real estate merely because it was made on Good Friday.

Argued April 17, 1913. Appeal, No. 57, April T., 1913, by defendant, from order of C. P. Allegheny Co., April T., 1912, No. 712, dismissing exception to sheriff's

sale in case of Herman G. A. Kauffeld v. Harriett
Cornelia M. Tinstman and A. A. O. Tinstman, her hus-
band.   Before Rice, P. J., Henderson, Morrison, Or-
lady, Head and Porter, JJ.   Affirmed.

Exceptions to sheriff's sale.

The opinion of the Superior Court states the case.

*Error assigned* was order dismissing exceptions to
sheriff's sale.

*Stewart M. Cunningham,* for appellant.

*F. W. Miller,* with him *Frank R. S. Kaplan,* for appellee.

Per Curiam, July 16, 1913:

This is an appeal by the defendant from the order dis-
missing her exceptions to the sheriff's sale of her property.
Briefly, these exceptions were, (1) that the judgment on
which the execution issued was void, (2) that the price
for which the property was sold was grossly inadequate,
(3) that the sale was made on Good Friday, a legal holiday,
when the courts and county offices were closed.   These
exceptions were placed on the argument list, but, so far
as appears, were not supported by any evidence.   Mani-
festly, therefore, the propriety of the court's action is
determinable solely by an inspection of the record.   See
Laird's App., 2 Pa. Superior Ct. 300, and cases there cited.
It follows that the only questions that we are called upon
to notice are as to the validity of the judgment and the
validity of a sheriff's sale made on a legal holiday.

The judgment was entered by virtue of a warrant of
attorney contained in a bond for the penal sum of $32,000,
conditioned for the payment of the principal sum of
$16,000, wherein it was expressly provided that, in case
of default for thirty days, "the whole of the said principal
debt or sum and interest then unpaid shall thereupon
become due and payable and execution may issue forth-

with for the collection of the same," etc. The complaint is not that judgment was entered and execution was issued for more than was due, but that, as the warrant was to confess judgment "for the above penalty," judgment should have been entered for that amount, to be released upon payment of the amount actually owing under the instrument. But this irregularity did not render the judgment void; the defect was purely formal, and might have been corrected on motion if the judgment had been directly attacked: Keech Company v. O'Herron, 41 Pa. Superior Ct. 108. It furnishes no sufficient ground for setting aside the sale.

The proviso to sec. 1 of the Act of February 16, 1911, P. L. 3, explicitly declares that nothing therein contained shall be construed to prevent or invalidate the entry, issuance, service, "or execution of any writ, summons, confession of judgment, or other legal process whatever," on any of the holidays or half holidays therein designated as holidays. Hence it cannot be held that the court is bound to set aside a sheriff's sale merely because it was made on one of these holidays or half holidays.

The order is affirmed at the costs of the appellant.