## Com. ex rel. v. Logan Township School Directors et al.

*J. Lee Plummer*, for plaintiff; *David R. Perry*, for defendants.

PATTERSON, P. J., July 26, 1928.—On petition of Walter B. Seward, duly elected collector of taxes of Logan Township School District, a writ of alternative mandamus was awarded on said defendants. Defendants' motion to quash said writ was duly filed and argued by the respective counsel, and is now before us for consideration, judgment and decree.

The plaintiff in his petition sets forth that the directors of the school district, defendants, refuse to pass upon certain exonerations which the plaintiff claims he is entitled to under the law governing the collection of taxes. It is averred, and not denied, that the plaintiff, as collector of taxes for the years 1923, 1924 and 1925, was furnished the tax duplicates for the collection of school taxes by the said defendant board. And it is further averred, and not denied, that the plaintiff has filed with the said school board, defendants, his claim for certain exonerations for the years 1923, 1924 and 1925, with the request that the defendants consider and act upon said claims, and that they, the defendants, have neglected and refused to act upon the same. The question of law, therefore, to be considered in disposing of the motion to quash is whether or not a school board is bound to act upon such exonerations, not whether such exoneration as claimed by the collector shall be allowed, but whether or not it is mandatory upon such board to act upon and either allow or refuse the same.

Section 559 of the School Code of May 18, 1911, P. L. 309, provides that the tax collector shall "fully account for and pay over to the treasurer of the school district the total amount of the taxes appearing upon his duplicate, . . . less such amount as he may be exonerated from by the board of school directors." The foregoing language is almost identical with that of the Act of June 25, 1885, P. L. 187, and said act, in part, being as follows: "Exonerations may be made by the authorities and in the same manner as heretofore."

And in construing that act, the Supreme Court, in the case of Jones *v.* Sharon Borough, 238 Pa. 35, says: "From time immemorial, as is known to all of us, the power to exonerate collectors from liability for uncollected taxes for reasons satisfactory to the taxing authorities has been exercised by borough councils, and, in the absence of any statutory prohibition of the exercise of this power, impliedly recognized by the Act of 1885, we shall not say it does not exist."

And in the case of Dunmore Borough *v.* Dempsey, 280 Pa. 190, it is held: "Furthermore, the right of a borough council to grant exonerations from liability for certain taxes is recognized in the Act of June 25, 1885, P. L. 187, and settled by the case of Jones *v.* Sharon Borough, 238 Pa. 35."

In considering this motion, it is necessary to distinguish between the duty of the school board to receive, hear, consider and act upon such claims for exonerations as the tax collector may present, on the one hand, and the discretionary power of said board to accept or refuse such claims for exonerations. We are of the opinion that if the plaintiff were seeking a mandamus to compel the defendant school board to allow certain exonerations which he claims he is entitled to, a mandamus proceeding would not lie, but in the present case the petitioner seeks only to have the board act upon his claim for exoneration—a duty clearly imposed upon said board by act of assembly hereinbefore referred to, and there is no law that we can find which will permit a board of school directors or a town council to arbitrarily deny a tax collector the right to have his exonerations passed upon. This procedure is the only one provided by law whereby collectors and school boards may arrive at a full and complete settlement of the amount due said district from the tax collector on the tax duplicates. The school board could not call upon the tax collector for final settlement; neither can the tax collector close accounts with the school board until the school board acts upon the claim of the collector for exoneration. We do not attempt to say that all exonerations claimed must be allowed, but the duty of action on the part of the school board is clearly established by law, and, in our judgment, is mandatory and not directory, and mandamus is the proper remedy to compel the directors to so act.

This conclusion is further supported in the case of Rowley *v.* Greenville Borough School District, 40 Pa. C. C. Reps. 140: "It is to be noted that the obligation thus imposed upon the collector of taxes is not, as stated in the defendant's return to the alternative writ in this case, to pay over the total amount of school taxes appearing upon the duplicates furnished to them, on or before June 1st of each year, but the obligation is only to pay over said amount, less the items mentioned, for which he may be entitled to receive credit. As to these items of credit, the act clearly provides that the exonerations are to be allowed by the board of school directors, and it just as clearly implies that the amount to be allowed as credits for the taxes levied against real estate upon which there is no personal property out of which said taxes could have been collected is a matter for adjustment and settlement between the board of school directors and the collector. Hence, no duplicate could be finally settled until such matters had been adjusted and it had thus been determined what amount, if any, is due from the collector:" Com. *v.* Titusville School District, 41 Pa. C. C. Reps. 292; Scranton City School Directors, 6 D. & C. 105; Black *v.* Duquesne Borough School District, 239 Pa. 96.

The motion to quash is, therefore, refused and the defendant allowed fifteen days to file its answer to plaintiff's petition.

From Robt. W. Smith, Hollidaysburg, Pa.