## Schiavo v. Beltz

*J. P. Costello,* for plaintiff.
*M. S. DePierro,* for defendant.

VALENTINE, J., September 17, 1934.—By written lease defendant leased from plaintiff a storeroom for the term beginning February 9, 1933, and ending February 9, 1934. The lease provided that the total amount of the rental, viz., $360, should be payable in instalments of $30 per month on the ninth day of each month. The lease also stipulated, inter alia, that if the party of the second part (defendant) continued in possession after the expiration of the term, at the option of the lessor (plaintiff) such holding over might be deemed a renewal of the lease for another like term.

The lease also contained the following provision: "The prothonotary or any attorney of any court of record of Pennsylvania is hereby authorized to appear for and to confess a judgment against the party of the second part and in favor of said party of the first part for the whole amount of said rent as hereinbefore set forth."

On July 3, 1934, upon præcipe of plaintiff's attorney, judgment was entered, not for the amount designated in the lease, but for the sum of $240. The judgment as entered did not conform to the confession contained in the lease nor did the amount for which it was entered

appear from the face of the instrument. (See section 28 of the Act of February 24, 1806, 4 Sm. L. 270.) Judgment should have been entered for the total amount of rent designated in the lease, not for the amount that plaintiff claimed to be due: W. H. Keech Co. v. O'Herron, 41 Pa. Superior Ct. 108; but as no question has been raised concerning the validity of the judgment and as the plaintiff could be permitted to amend the record, we will dispose of the application upon the merits.

Defendant alleges that prior to the expiration of the term on February 9, 1934, plaintiff, through his wife, agreed with him (defendant) to lease the premises for the rental of $27.50 per month and that a new lease was to be prepared by the plaintiff and executed. The depositions on behalf of the defendant would warrant a jury in finding that plaintiff's wife did have such conversation with the defendant. At the time plaintiff was absent from the State and upon his return repudiated the authority of his wife to make such a bargain, and attempted to hold defendant for the amount of rent designated in the lease upon the theory that defendant's act in remaining in possession caused at plaintiff's option a renewal of the lease. It is conceded that the building leased by defendant was owned by the plaintiff and his wife jointly and held as an estate by entireties. Therefore, irrespective of the question of agency, plaintiff's wife could make an agreement for the leasing of the property.

In this type of estate "Because of the unity of person and estate existing during marriage, either spouse may lease it and collect the rent; but this is so not because the right to do it is an incident of the estate, on the contrary it only flows from an incident thereof. While the marriage subsists it is a matter of indifference which of the parties leases the property or which of them obtains the rents; presumptively the moneys received will be expended for the benefit of both of them. The unity of the

relation of the parties results in a unity of the estate; the leasing by either is for the benefit of them in that relation, and the rents paid to either is to him or her in that relation only": O'Malley v. O'Malley, 272 Pa. 528, 533.

Rule to show cause why judgment should not be opened and defendant let into a defense is made absolute.