**Commonwealth ex rel. v. Schwing, Collector**

*Frank P. Barnhart,* city solicitor, and *Shettig & Swope,* for petitioner.

*Spence, Custer & Saylor,* for respondent.

PER CURIAM, August 16, 1943.—This matter comes before the court on a petition for writ of alternative mandamus directed against Arthur L. Schwing, City Treasurer of the City of Johnstown, as tax collector of the city taxes in and for said city. The alternative writ was awarded on January 20, 1943, and, since that time, a great number of hearings have been held. We have considered the testimony taken at these hearings as well as the numerous offers in determining whether or not a peremptory writ should be finally issued.

The petition averred that the treasurer, under The Third Class City Law of June 23, 1931, P. L. 932, was charged with the duty of collecting personal taxes for the years 1936 to 1941, both inclusive, and that the delinquencies of these years amounted to a total of $359,-751.79. By agreement of counsel, the uncollected personal taxes for the year 1942, in the sum of $58,550.49, were included in this proceeding, making a total of $418,302.28.

After the issuance of the alternative writ, defendant filed a motion to quash, which was denied and defendant was directed to file his return. The return was filed and duly traversed by plaintiff.

In his return defendant denies that he has any duty under The Third Class City Law to collect delinquent personal taxes, and also denies that mandamus is the proper remedy. He further sets up that no warrants were delivered to him authorizing the collection of said personal taxes until January 19, 1943. We do not agree with plaintiff's contention that mandamus will lie regardless of the delivery of warrants. It may well be that there was a duty on the city treasurer to demand such warrants from council, but, on the other hand, the court should not allow the remedy of mandamus to be invoked by council before council fulfilled its duty of issuing warrants to the city treasurer. Therefore, prior to January 19, 1943, the writ could not have been awarded as prayed for. However, since the necessary

warrants were delivered to the collector a number of months ago, the failure to deliver them earlier is no longer a reason for denying the writ.

Defendant further sets forth, under new matter, that he and his surety were discharged from liability for personal taxes for the years 1936 to 1942, both inclusive, for the reason that he complied with sections 1402 and 2553 of The Third Class City Law by filing with the taxing authority a list of the uncollected items of personal taxes, and that he has been discharged from liability for the taxes for the years 1936 to 1940, both inclusive, by resolutions of the city council exonerating him from the collection of uncollected personal taxes for said years. Plaintiff traversed these allegations and contends that a record was never filed with council in conformity with the act of assembly, and that the resolutions exonerating the treasurer have been rescinded by council.

We cannot agree with defendant's contention that he had no duty in respect to the collection of taxes for the City of Johnstown. The Third Class City Law imposes specific duties upon the treasurer as a tax collector, and upon no one else. The amendment of June 21, 1935, P. L. 363, changed the obligation of the treasurer as tax collector and that of his surety so far as his bond was concerned. However, none of the duties imposed upon the treasurer as tax collector by the former law was in any wise altered. Some confusion has apparently resulted from the fact that the condition in the bond was changed. Prior to the amendments of 1935 the tax collector was required to give a bond with sufficient surety conditioned upon the faithful performance of the duties of his office—that is, the condition of the bond was that the city treasurer, as tax collector, should "well and truly collect and pay or account for the whole amount of the taxes charged and assessed in the duplicates which shall be delivered to him during his term of office". Since the amendment of 1935, a

mere fidelity bond is required—that is, the condition of the bond now is that as tax collector the city treasurer shall "account for and pay over all moneys received by him as taxes, and account for all tax items . . . which remain uncollected".

The position of defendant is that the change in the condition of the bond by implication changes the duties of the treasurer as tax collector. With this we cannot agree. If this contention is correct, it would render completely ineffective all the other provisions in The Third Class City Law relating to the duties of the city treasurer as tax collector. Inasmuch as council has no power to appoint a substitute collector, there would be no means whatever of enforcing the collection of personal taxes except, perhaps, by the cumbersome method of a suit in assumpsit against each individual taxable owing personal taxes. We do not believe that by changing the condition in the city treasurer's bond the legislature intended to nullify the provisions of the other sections of The Third Class City Law imposing specific duties on the treasurer as tax collector.

Defendant likewise contends that it would have been impossible for him to have collected these personal taxes due to the fact that city council failed to provide him with assistants. It appears that the city treasurer receives a salary of $6,000 a year as tax collector, that $2,000 of it is paid by the city, $2,000 by the county, and $2,000 by the Johnstown School District. The salaries of the clerks and employes are likewise paid one third by each of these taxing districts. The city does provide the treasurer with an office and pays him a salary of $5 a month. Until very recently it paid none of the employes who perform services for the treasurer both in his capacity as city treasurer as well as in his capacity as tax collector. The testimony of defendant as to the numerous funds which must be handled by his office for the city is undisputed. It therefore appears that a large portion of the work done by the employes

in the office of the city treasurer is purely city business, for which the city pays no more than the county or the school district. As a result, it would seem that the County of Cambria and the School District of the City of Johnstown have been paying two thirds of the salaries of those persons who keep the city's accounts. It appears, however, that within the past week city council finally adopted a resolution and made an appropriation to pay three clerks in the city treasurer's office, thereby providing defendant with some assistants. It may well be that these assistants will not be all that is required to do the best possible job of collecting the delinquent personal taxes and, of course, many of the taxes included in the lists are uncollectible. However, this force should be sufficient to enable defendant to make an honest effort to collect taxes, and that is all he can be required to do. It certainly should enable him to send out notices to employers to deduct the delinquent personal taxes of their employes from the pay falling due to such employes, which the treasurer has not as yet done.

Defendant contends that he has been discharged by operation of law from his duty of collecting the personal taxes for the years 1936 to 1942, both inclusive, for the reason that he has filed with council a schedule of the taxes remaining uncollected. For the reasons indicated above, we do not agree with this contention, nor with defendant's contention that the duty of the tax collector could rise no higher than the obligation contained in his bond. The case of National Surety Corp. v. City of Allentown et al., 32 Fed. Supp. 700, is clearly distinguishable from the case at bar. That was a suit by the surety against the City of Allentown, its school district, and the County of Lehigh for the premium on the bond of the Allentown City Treasurer for the three preceding years. The court found for the plaintiff for a reasonable premium, although not for the sum demanded. The court said, in referring to the Act of June 21, 1935, P. L. 363 (p. 703) :

"Under it a treasurer's (and his surety's) obligation would be fully met if the treasurer paid over to the proper authorities all taxes which he actually collected and accounted for the balance by showing exoneration, returning the real estate upon which the taxes remained uncollected and making out schedules showing the amount of such uncollected taxes."

With this statement of the law we entirely agree, but it is not applicable to the issue raised in this proceeding. If this were a proceeding on the obligation entered into either by defendant or by his surety on the treasurer's bond, the argument that he was released from further obligation by filing a schedule of uncollected taxes would be a good defense. This is not an action on his bond.

Defendant further contends that so far as the taxes for the years 1936, 1937, 1938, 1939, and 1940 are concerned defendant has been discharged by action of the city council. With this contention we agree. It appears that by resolutions of council adopted on various dates defendant as collector of city taxes was from time to time discharged from all liability for the personal taxes charged against him in the duplicates for the years last above referred to.

There can be no doubt as to council's right so to exonerate the treasurer: Walker's Appeal, 44 Pa. Superior Ct. 145; Jones v. Sharon Borough, 238 Pa. 35; The Third Class City Law of June 23, 1931, P. L. 932, sec. 2562, as amended by the Act of May 22, 1933, P. L. 927, 53 PS §12198-2562. Plaintiff contends that the acts of assembly referred to in the "whereas" clauses contained in the resolutions exonerating the treasurer do not "provide the method of the city treasurer's settlement with the proper authorities for said tax duplicates", and that as a result the resolutions were effective only to discharge the treasurer and his surety from their obligation on the treasurer's bond as tax collector, and not to discharge him from his duties to collect

taxes. Regardless of an incorrect recital in the "whereas" clauses, there is no doubt that the language of the resolutions clearly exonerated the treasurer from all liability for the personal taxes charged against him in the duplicates for the years last above referred to. It would be manifestly unfair to the city treasurer as tax collector if council, by such a resolution, could exonerate him from all liability for an old duplicate, and then years later, after all possibility of his collecting taxes on said duplicate had passed, revive his liability and breathe new life into a dead duplicate.

We are placing the costs of this proceeding upon the City of Johnstown, upon whose instance this action was instituted, for two reasons: (1) No warrants for the collection of personal taxes were placed in the hands of defendant until January 19, 1943, and this action was started the succeeding day, January 20, 1943; (2) until very recently the city council provided no clerical or other assistance to defendant with which to collect the delinquent personal taxes involved in this proceeding.

We, therefore, enter the following

### Decree

And now, August 16, 1943, after argument and due consideration, it is hereby ordered and decreed that a writ of peremptory mandamus forthwith issue directed to Arthur L. Schwing, City Treasurer of the City of Johnstown, as collector of city taxes in and for said city, commanding him to collect all collectible delinquent personal taxes for the years 1941 and 1942 which were hitherto uncollected, as folows, viz:

| | |
|---|---|
| 1941 | $60,070.25 |
| 1942 | 58,550.49 |
| or a total of | $118,620.74; |

and further, to do such things as may be necessary for carrying into effect full compliance with this decree. The costs of this proceeding to be paid by the City of Johnstown.